# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GREENWOOD CHAMBER OF COMMERCE, et al.,** | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) Case No. 13-CV-339-TCK-TLW <br> ) |
| **CITY OF TULSA, a municipal corporation, et al.,** | ) <br> ) <br> ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are: (1) City of Tulsa's Motion to Dismiss and Brief in Support (Doc. 19); (2) Individual Defendants' Joint Motion to Dismiss and Brief in Support (Doc. 20); (3) Plaintiff Reuben Gant's Motion for Dismissal Without Prejudice (Doc. 35); and (4) Defendants' Renewed Motion to Dismiss and/or Deem Confessed (Doc. 37).

### I.  Background

Plaintiffs Greenwood Chamber of Commerce, Greenwood Community Development Corporation, and Reuben Gant (collectively, "Plaintiffs") filed their Complaint on June 6, 2013, alleging claims for retaliation, denial of procedural due process, denial of substantive due process, and equal protection violations against Defendants City of Tulsa, Dewey Bartlett, Jim Twombly, Cathy Criswell, and Dafne Pharis (collectively, "Defendants") (Doc. 2).  Plaintiffs filed their First Amended Complaint on June 10, 2013.  Defendants filed waivers of service on June 21, 2013, and then filed an unopposed motion for an extension of time on August 15, 2013, requesting an additional four days to file their responses to Plaintiffs' First Amended Complaint.  The Court granted this motion.

On August 23, 2013, the City of Tulsa and the individual defendants filed separate motions to dismiss Plaintiffs' claims. Plaintiffs subsequently filed two unopposed motions for extensions of time to respond to the motions to dismiss, which the Court granted. On October 14, 2013, Plaintiffs Greenwood Chamber of Commerce and Greenwood Community Development Corporation filed a Stipulation of Dismissal, dismissing their claims against Defendants with prejudice. Reuben Gant ("Gant"), the only remaining plaintiff, subsequently filed an unopposed motion requesting a thirty-day extension to file an amended complaint in light of the Stipulation of Dismissal. The Court granted this extension. On November 13, 2013, Gant filed an additional unopposed motion seeking an additional ten days to file his amended complaint, which the Court also granted.

Instead of filing a response to the motions to dismiss or an amended complaint, Gant filed an opposed Motion to Dismiss Without Prejudice on November 25, 2013 (Doc. 35). In response, Defendants argue they would be prejudiced if Plaintiff Gant is allowed to dismiss this action without prejudice to refiling and seek to have their motions to dismiss deemed confessed. (Doc. 37.)[1]

## II.     Gant's Motion for Dismissal Without Prejudice

Rule 41(a)(2) of the Federal Rules of Civil Procedure permits the court to dismiss an action without prejudice "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).[2] "The rule

---

[1] Although Gant has not responded to Defendants' motions to dismiss (Docs. 19 and 20), Defendants' argument that the motions to dismiss should be deemed confessed is not persuasive. Plaintiffs Greenwood Chamber of Commerce and Greenwood Community Development Corporation filed the Stipulation of Dismissal around the time Gant's responses to Defendants' motions to dismiss were due. Gant promptly sought leave to file an amended complaint, which, if filed, would have mooted Defendants' motions to dismiss. Instead of amending the complaint, however, Gant filed the motion to dismiss without prejudice.

[2] Although Gant filed a motion seeking dismissal without prejudice pursuant to Rule 41(a)(2), he could have voluntarily dismissed this action pursuant to Rule 41(a)(1). *See Phillips*

2

is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Philips USA, Inc.*, 77 F.3d at 357. "[W]hen considering a motion to dismiss without prejudice, the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of both parties." *Id.* (quoting *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (internal quotation marks omitted). "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)) (internal quotation marks omitted). The Tenth Circuit has adopted three factors the district court should consider in determining whether the opposing party will suffer prejudice: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant; and (3) insufficient explanation of the need for a dismissal. *Phillips USA, Inc.*, 77 F.3d at 358 (citing *Tansy*, 13 F.3d at 1411-12). These factors serve as "guides for the district court" and need not all be resolved in favor of the moving party for dismissal with prejudice to be appropriate. *Id.*

The factors, taken as a whole and applied to the unique circumstances of this case, do not indicate that Defendants will suffer any legal prejudice if this case is dismissed without prejudice. Under the first factor, Defendants have not yet expended either significant effort or expense in

---

*USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (Rule 41(a)(2) "controls voluntary dismissals after an opposing party answers or files a motion for summary judgment" but does not control voluntary dismissals after the filing of a motion to dismiss).

Under Rule 41(a)(1), "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Defendants have neither answered nor filed motions for summary judgment, so a voluntarily dismissal under Rule 41(a)(1) would have been permissible.

3

preparing for trial.  Although Defendants have filed lengthy motions to dismiss, Defendants have not engaged in any trial preparation.  With regard to the second factor, there has been no excessive delay or lack of diligence by Gant.  The unique circumstances of this case – namely, the dismissal by the lead plaintiffs – left Gant in a peculiar position which required him to reevaluate the future of the case.  Moreover, while Defendants complain that the routine extensions sought by Gant amount to excessive delay and lack of diligence, Defendants did not oppose any of the extensions at the time they were sought by Gant.  The case had been pending less than six months at the time Gant sought dismissal without prejudice.  Finally, under the third factor, the dismissal by the primary plaintiffs created a significant reason or explanation for Gant's desire to dismiss without prejudice.  None of the three factors suggests that Defendants will suffer any legal prejudice if this matter is dismissed without prejudice.  Accordingly, Plaintiff's Motion for Dismissal Without Prejudice is granted.

### III. Conclusion

Plaintiff Reuben Gant's Motion for Dismissal Without Prejudice (Doc. 35) is GRANTED. City of Tulsa's Motion to Dismiss and Brief in Support (Doc. 19), Individual Defendants' Joint Motion to Dismiss and Brief in Support (Doc. 20), and Defendants' Renewed Motion to Dismiss and/or Deem Confessed (Doc. 37) are DENIED.

**SO ORDERED** this 18th day of March, 2014.

*Terence C Kern*
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**